T.C. Memo. 2015-230

UNITED STATES TAX COURT

CARLOS V. YGUICO AND JENNIFER C. YGUICO, Petitioners <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9780-14.                           Filed November 30, 2015.

Carlos V. Yguico and Jennifer C. Yguico, pro sese.

<u>Ray M. Camp, Jr.</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LAUBER, <u>Judge</u>:  The Internal Revenue Service (IRS or respondent) deter-
mined a deficiency in petitioners' 2011 Federal income tax of $29,416 and an
accuracy-related penalty of $5,883 pursuant to section 6662(a).[1]  The deficiency

_____

[1]All statutory references are to the Internal Revenue Code (Code) in effect
(continued...)

[*2] resulted from petitioners' failure to report distributions of $80,685 from qualified retirement accounts and an additional tax of $8,069 under section 72(t) for early withdrawal. Before trial the parties submitted a stipulation of settled issues in which petitioners conceded the entire deficiency as determined by respondent. The only remaining issue is whether petitioners are liable for the accuracy-related penalty. We hold that they are.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated by this reference. Petitioners resided in California when they filed their petition.

Petitioner husband is an attorney with a practice focused on real estate. During 2009 he became an equity partner in a law firm. Petitioners thereafter began to see large increases in their tax liabilities, which they were not always able to pay timely. By 2011 they owed a significant amount of tax-related debt.

To help discharge this debt, petitioners during 2011 withdrew $80,685 from qualified retirement accounts they held at Merrill Lynch. They received Forms 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing

_____

[1](...continued)
for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

[*3] Plans, IRAs, Insurance Contracts, etc., reflecting the amounts withdrawn. The Forms 1099-R indicated that these distributions were early withdrawals.

José C. Guico prepared petitioners' 2011 tax return. Mr. Guico had prepared petitioners' tax returns for many years and is a close friend of petitioners. Mr. Guico was familiar with their financial situation and was aware that they were using funds from their retirement accounts to pay their tax liabilities.

Petitioner wife handled the family's financial affairs. Her usual practice was to collect all documents relevant to preparation of their tax return, such as Forms W-2, Wage and Tax Statement, and place them in a ziplock bag as she received them. When April 15 approached, she would take the ziplock bag to Mr. Guico, who would use the enclosed documents to prepare the return. After preparing the return, Mr. Guico would generally discuss with petitioners the total amount of tax due and then file their return electronically.

Petitioners were aware that the 2011 withdrawals from their retirement accounts represented taxable income. They also understood that any Forms 1099-R they received were relevant to preparation of their 2011 return and should have been provided to Mr. Guico. Although petitioners credibly testified that the Forms 1099-R were the type of documents that petitioner wife would normally have put in the ziplock bag, petitioners did not closely review these documents and could

**[\*4]** not testify categorically that they actually supplied the Forms 1099-R to Mr. Guico.

Mr. Guico did not testify at trial. The Court received into evidence for impeachment purposes a sworn statement by Mr. Guico, which petitioners had supplied to the IRS before trial. In that statement Mr. Guico avers that he did not recall seeing the Forms 1099-R among the documents furnished by petitioner wife.

On their timely filed 2011 tax return, petitioners did not report the $80,685 of distributions from their qualified retirement accounts or the $8,069 additional tax imposed by section 72(t). Mr. Guico prepared this return very close to the filing deadline and filed it electronically. Petitioners did not review the completed 2011 return before it was filed or at any time afterwards.

On February 3, 2014, respondent mailed petitioners a notice of deficiency reflecting an increase in taxable income attributable to the retirement plan distributions, a 10% additional tax, and an accuracy-related penalty under section 6662(a). Petitioners timely petitioned this Court.

OPINION

The Code imposes a 20% penalty upon the portion of any underpayment of tax that is attributable (among other things) to "[a]ny substantial understatement of income tax." Sec. 6662(a), (b)(2). An understatement of income tax is "substan-

[*5] tial" if it exceeds the greater of $5,000 or 10% of the tax required to be shown on the return.  Sec. 6662(d)(1)(A).

Under section 7491(c) the Commissioner bears the burden of production with respect to the liability of an individual for any penalty.  See Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  The notice of deficiency determined, and petitioners have conceded, an understatement of income tax of $29,416.  This amount comfortably exceeds both $5,000 and 10% of the total tax required to be shown on petitioners' 2011 return.  Respondent has thus carried his burden of production by demonstrating a "substantial understatement of income tax."  See sec. 7491(c).

Section 6664(c)(1) provides that the accuracy-related penalty shall not be imposed with respect to any portion of an underpayment "if it is shown that there was a reasonable cause for such portion and that the taxpayer acted in good faith" with respect to it.  Once the Commissioner has carried his burden of production, the taxpayer bears the burden of proving reasonable cause and good faith.  Higbee, 116 T.C. at 446-447.

The decision as to whether the taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all pertinent facts and circumstances.  See sec. 1.6664-4(b)(1), Income Tax Regs.  Circumstances

**[\*6]** that may signal reasonable cause and good faith "include an honest misunderstanding of fact or law that is reasonable in light of all the facts and circumstances, including the experience, knowledge, and education of the taxpayer." Ibid.

"Reasonable cause" may be shown by demonstrating reliance on the advice of a competent tax professional. Sec. 1.6664-4(b)(1), (c), Income Tax Regs. To justify such reliance, "[t]he advice must be based upon all pertinent facts and circumstances." Id. para. (c)(1)(i). The reliance defense is not available "if the taxpayer fails to disclose a fact that \* \* \* [he] knows, or reasonably should know, to be relevant to the proper tax treatment of an item." Ibid. The taxpayer must therefore establish that he supplied the return preparer "with all necessary information and [that] the incorrect return was a result of the preparer's mistakes." Weis v. Commissioner, 94 T.C. 473, 487 (1990) (citing Pessin v. Commissioner, 59 T.C. 473, 489 (1972)).

Petitioners contend that they had reasonable cause for failing to report the retirement plan withdrawals because they relied on Mr. Guico to prepare their tax return accurately. We find this argument unpersuasive for two reasons. First, petitioners did not establish that they supplied Mr. Guico with all the information needed to prepare an accurate return. Although they testified that they saw the Forms 1099-R, their testimony regarding the delivery of those Forms to Mr. Guico

**[*7]** was limited to their general practices when gathering tax documents. They did not categorically testify that they supplied him with these Forms. Mr. Guico did not testify at trial, and the Court received into evidence a sworn statement by him stating that he did not recall seeing the Forms 1099-R among the documents provided by petitioner wife. Under these circumstances, petitioners have not carried their burden of proving that Mr. Guico was supplied with all the pertinent facts when he prepared their 2011 return.

Second, even if petitioners provided Mr. Guico with all the necessary information, they did not act reasonably because they failed to review the completed return before Mr. Guico filed it electronically. Petitioners received retirement distributions in excess of $80,000 and understood that these distributions were taxable. Such distributions are reported on lines 15 and 16 of Form 1040, U.S. Individual Income Tax Return. Had petitioners made even a cursory review of their 2011 return, they would have seen "zero" on lines 15 and 16 and realized that the return was incorrect. Having declined to review their own return, petitioners may not shift responsibility for its accuracy to their accountant. See Stough v. Commissioner, 144 T.C. __, __ (slip op. at 28) (June 2, 2015); Woodsum v. Commissioner, 136 T.C. 585, 595-596 (2011); Metra Chem Corp. v. Commissioner, 88 T.C. 654, 662 (1987) (finding no reasonable cause where

**[\*8]** review of return would have revealed omission of dividend income); <u>Magill v. Commissioner</u>, 70 T.C. 465, 479-480 (1978) ("Even if all data is furnished to the preparer, the taxpayer still has a duty to read the return and make sure all income items are included."), <u>aff'd</u>, 651 F.2d 1233 (6th Cir. 1981).

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.